UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
HERMAN EUGENE LANE, ET AL.,           )
                                      )
              Plaintiffs,             )
        v.                            )
                                      )   Civil Action No. 05-0414 (EGS)
                                      )
UNITED STATES PEACE CORPS,            )
                                      )
                                      )
              Defendant.              )
_____)


**DEFENDANT'S MOTION FOR PARTIAL DISMISSAL OF
COUNTS I AND II AND FULL DISMISSAL OF COUNT IV
AND TO SEVER CLAIMS OF PLAINTIFFS LANE AND PERRY**

Pursuant to Rules 12(b)(6), 20 and 21 of the Federal Rules of Civil Procedures, defendant, the United States Peace Corps, hereby moves to dismiss portions of Counts I and II of plaintiffs' complaint and to dismiss Count IV of plaintiffs' complaint in its entirety for failure to exhaust administrative remedies by virtue of plaintiffs' failure to contact an EEO Counselor within the 45-day time limit prescribed for actions brought under Title VII, and to sever the claims of plaintiffs Herman Eugene Lane and Rachel Perry.

The grounds for defendant's motion are more thoroughly explained in the accompanying Memorandum of Points and Authorities.

        Respectfully submitted,

_____
KENNETH L. WAINSTEIN, D.C. Bar # 451058
United States Attorney

_____
R. CRAIG LAWRENCE, D.C. Bar # 171538
Assistant United States Attorney

_____
RHONDA C. FIELDS
Assistant United States Attorney
555 4th Street, N.W.,
Washington, D.C. 20530
(202) 514-6970

OF COUNSEL:

H. DAVID KOTZ
U.S. Peace Corps

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
HERMAN EUGENE LANE, ET AL.,              )
                                         )
              Plaintiffs,                )
       v.                                )
                                         )   Civil Action No. 05-01414 (EGS)
                                         )
UNITED STATES PEACE CORPS,               )
                                         )
                                         )
              Defendant.                 )
_____)

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S PARTIAL MOTION TO DISMISS AND TO SEVER CLAIMS

### Preliminary Statement

Defendant, the United States Peace Corps, submits this memorandum in support of its motion to dismiss portions of Counts I and II of the complaint (defendant Lane), and count IV of the complaint (defendant Perry) in its entirety, for failure to exhaust administrative remedies by virtue of plaintiffs' failure to contact an Equal Employment Opportunity ("EEO") Counselor within the prescribed 45-day time limit for a Title VII action pursuant to F.R.C.P. 12(b)(6), and to sever the claims of plaintiff Lane from those of plaintiff Perry pursuant to F.R.C.P. 20 and 21.

### Factual and Procedural Background

Plaintiffs Lane and Perry have filed a joint complaint of completely distinct and dissimilar claims and grievances against the Peace Corps.  Plaintiff Lane is a former Peace Corps employee who worked for the agency during 1980-82 and 1986-1989.  Complaint at ¶ 9.  He is presently an employee with the Federal Aviation Administration.  *Id.* at ¶12.  Plaintiff Lane has applied for numerous positions with the Peace Corps.  *Id.*  at ¶¶86-165.  Counts 1 and 2 of the

complaint center around his non-selection for 19 jobs to which he applied during 2002 -2005. *Id* at ¶¶215-220. He claims the non-selections were retaliation for prior EEO activity and discrimination on the basis of his sex. *Id.*

Plaintiff Perry, in contrast, was a Peace Corps employee who began working at the agency on about April 21, 2003. *Id.* at ¶166. In Count 3 of the complaint Perry claims failure to promote in retaliation for protected EEO activity. *Id*. at ¶¶221-225. In Count 4 she claims retaliatory indefinite suspension without pay and retaliatory constructive discharge. *Id*. at ¶¶226-227.

The protected EEO activity in which plaintiff Perry contends she engaged was

> During or around December 2003, Perry opposed discrimination and other unlawful practices concerning filing false reports with the EEOC, deterring selection of . . .several applicants and complainants, including . . . Herman Eugene Lane. Perry opposed and refused to meet for management's express purpose of creating false justifications not to hire Herman Eugene Lane.

*Id.* at ¶167.

Except for the allegation that Perry's EEO activity included opposition to actions against plaintiff Lane, the complaint shows the two to have nothing pertinent in common, except that they are represented by the same law firm.

**Announcements PC2-094, PC 2-133, PC3-071w, PC3-102w**

On April 2, 2003, plaintiff Lane, through his counsel, transmitted to the Peace Corps' EEO Office via facsimile an informal EEO complaints form in which he claimed that he had been discriminated against because of his race (Caucasian), his gender (male) and his age (over 40) with regard to 45 identified positions for which he applied but was not selected. Ex 1. In the attached Initial Interview Data Sheet form, in answer to the questions, "When did incident

2

happen? Or when were you made aware of incident?," plaintiff Lane referenced an attached Form A which listed the 45 positions to which he applied, and their closing date, noting that the "closing dates are used as an approximate date [of the discrimination.]" *Id.* at ¶ 3 of Initial Interview Data Sheet.

Plaintiff Lane's Form A reflects that his initial contact with an EEO Counselor on the following vacancy announcements was March 24, 2003 *id*. at ¶1;  it also reflects the closing date for each announcement to be the approximate date on which the discrimination occurred or he became aware of his non-selection :

| Complaint ¶ no | Form A number | Vacancy Number | Closing date/when became aware of non-selection |
|---|---|---|---|
| 86-90 | 34 | PC2-094[1] | April 23, 2002 |
| 91-92 | 35 | PC2-133 | June 25, 2002 |
| 98-99 | 41 | PC3-071w | January 24, 2003 |
| 104 | 42 | PC3-077w | February 14, 2003 |
| 117-120, 122, 125-126 | 43 | PC3-102w | April 30, 2003 |

On July 3, 2003, plaintiff Lane, through his counsel,  filed a formal discrimination complaint with the Peace Corps EEO Office alleging race, gender and age discrimination providing the identical information about the positions to which he applied and the dates of discrimination as in the informal discrimination filing in April 2003, while adding one position

---

[1] Plaintiff's complaint lists the first two announcement numbers as PC2-094 and PC2-133 Complaint at ¶¶86-90, 91-92.  Exhibit 1 at attachment A lists them at PC2-094w and PC2-133w.  The numbers relate to the same vacancy announcements.  The "w" behind the number merely indicates that the announcement was obtained through the agency's website.  Pearson Dec.

3

to the list. Exhibit 2.

Forty-five days before March 24, 2003 is February 7, 2003.

**Announcements PC: 3-230, 3-278, 3-280, 4-115, 4-149, 4-201, 5-047, 5-135**

Plaintiff Lane did not seek EEO counseling or file any informal or formal discrimination complaints with respect to the following positions to which he applied and for which he claims in the instant federal complaint that he was subject to discrimination and retaliation. Everest Affidavit at ¶4.

| Complaint ¶¶ # | announcement number |
|---|---|
| 127-132 | PC3-230 |
| 133-136, 141 | PC3-278 |
| 140-141 | PC3-280 |
| 157 | PC4-115w |
| 158-159 | PC4-149 |
| 160 | PC 4-149W |
| 161 | PC4-201 |
| 163 | PC5-047 |
| 163 | PS5-135 |

**Perry Count IV**

In Count IV of the Complaint Perry alleges that she was retaliated against when she was indefinitely suspended without pay from May 2004 through February 2005 and when she was forced to resign "since she would otherwise have been compelled by the Agency to initially litigate her discrimination issues before the Foreign Service Grievance Board. . . ." Complaint at

4

Count IV.

On April 26, 2004, plaintiff Perry, an EEO Specialist with the Peace Corps, filed a formal EEO complaint dated April 23, 2004, alleging 106 claims of discrimination. Exhibit 3. The last date of discriminatory conduct alleged in the complaint was on April 23, 2004. Ex. 3 attachment at p.19 ¶106.

On July 2, 2004, plaintiff Perry received and signed a Notice of Termination from the Deputy Director of the Peace Corps which advised that she was being proposed for termination pending a hearing before the Foreign Service Grievance Board ("the Board") for violating federal government ethics standards and for reporting information about a March 18, 2004 confidential telephone interview. Ex 4. Pursuant to section 610(a)(4) of the Foreign Service Act of 1980, the Agency was required to place plaintiff Perry on leave without pay pending the Board hearing. 22 U.S.C. § 4010(a)(4). [2] Therefore, plaintiff was advised that upon the date of receipt of the memorandum (i.e. July 2, 2004) she was placed on leave without pay and would remain in that status until a final decision was issued by the Board. *Ex. 4* at ¶4, Conclusion.

By letter dated August 11, 2004, plaintiff Perry amended her April 23, 2004 complaint by asserting eight additional claims of discrimination and/or retaliation. Exhibit 5. Included therein were allegations of retaliation:

" when on April 16, 2004, Shirley Everest issued me a proposed five-day

---

[2] That section provides that:
Notwithstanding the hearing required by paragraph (2), at the time that the Secretary decides to separate a member of the Service for cause, the member shall be placed on leave without pay. If the member does not waive the right to a hearing, and the Board decides that cause for separation has not been established, the member shall be reinstated with back pay.
22 U.S.C.A. § 4010.

5

suspension on April 16, 2004" (Instance 1);

"on May 21, 2004. . . I was issued a proposed termination and was placed on administrative leave" (Instance 2), and

"July 2, 2004 termination from agency pending review by the Foreign Service Grievance Board (Instance 3)."

*Id.* at p.1.

August 11, 2004, is the first EEO contact made by plaintiff Perry concerning those instances. Everest Affidavit at ¶ 6. Forty-five days before August 11, 2004 is June 24, 2004.

Effective February 4, 2005, plaintiff Perry voluntarily resigned from the Peace Corps, thus resulting in the discontinuance of the Foreign Service Grievance Board proceeding. Exhibit 6.

Plaintiff Perry never sought EEO counseling or otherwise filed an informal or formal complaint of discrimination or retaliation in connection with her resignation from the Peace Corps or the Agency's decision to place her on leave without pay pending a final determination on her proposed termination. Everest Dec. at ¶6.

As discussed in detail below, since both plaintiffs Lane and Perry failed to seek EEO counseling in a timely manner in respect to significant portions of Counts I and III of the complaint concerning Lane, and all of Count IV concerning Perry, their failure to exhaust administrative remedies requires the dismissal of their un-exhausted claims. Moreover, since the distinct and separate complaints of the two plaintiffs do not arise out of the same transaction or occurrence and do not present any common issues of fact or law, they should be severed from each other and into separate actions.

## ARGUMENT

**Exhaustion**

Before filing an EEO complaint, an individual alleging discrimination or retaliation must try to resolve the matter informally by contacting an EEO counselor within 45 days of the date on which the alleged discrimination occurred. 29 C.F.R. § 1614.105; *Williamson v. Shalala*, 992 F. Supp. 454 (D.D.C. 1998)(dismissing Title VII claims involving events that occurred nearly 2 and ½ months before plaintiff sought EEO counseling); *Aceto v. England*, 328 F. Supp. 2d 1 (D.D.C. 2004)(dismissal of claims where there was no contact with EEO Counselor within 45 days of the discriminatory actions and no contact at all with respect to 2 other counts.); *See also O'Neal v. Johnson*, 2003 U.S. Dist. LEXIS 13348 (D.D.C. July 17, 2003) (rejecting plaintiff's claims that he was unaware of the 45-day time limit, and dismissing discrimination complaint where contact with EEO counselor was untimely.)

In this case, it is undisputed that for position nos. PC2-094, PC2-133, plaintiff Lane did not contact an EEO Counselor until 11 months and 9 months, respectively, after he became aware of the alleged discriminatory acts.

Plaintiff first contacted the EEOC concerning non-selection for the positions listed below on March 24, 2003. Forty-five days before March 24, 2003 is February 7, 2003. Therefore, any alleged discriminatory acts which occurred, or of which he obtained knowledge, before February 7, 2003. are untimely.

| announcement number | date knew not selected per form A |
|---|---|
| PC2-094 | April 23, 2002 |

| PC2-133 | June 25, 2002 |
| --- | --- |
| PC3-071w | January 24, 2003 |
| PC3-077w | **February 14, 2003   (Timely)** |
| PC3-102w | **April 30 2003** |

According to plaintiff Lane's allegations in his Form A ,*supra*, the alleged discriminatory decision concerning PC3-102w was done on (or his knowledge thereof was on)  April 30, 2003 (the closing date) which was **after** plaintiff's March 24, 2003 contact with an EEO Counselor. Plaintiff Lane's Complaint in this case alleges that the decision not to fill PC3-102 occurred on August 11, 2003.  Complaint at ¶125.  August 11 was after Lane made his March 24 initial contact and after his formal discrimination complaint was filed on July 3, 2003.   There is no record that further contact was made with the EEO within 45 days after the alleged discriminatory decision not to fill was made.  Everest Dec. at ¶ 4.

Furthermore, plaintiff Lane did not contact an EEO Counselor at all with respect to position nos. PC3-230, PC3-278, PC3-280, PC4-115w, PC4-149, PC-149w, PC4-201,  PC5-047 and PC5-135.  Everest Dec. at ¶5.

While plaintiff Lane may attempt to argue that he is alleging a continuing violation, such argument would fail as a matter of law in this case as plaintiff Lane's non-selections for the 19 positions at issue constituted "discrete acts of discrimination" for which the continuing violation doctrine is not applicable. *See Pleasants v. Allbaugh*, 2002 U.S. Dist. LEXIS  21777 (D.D.C. November 12, 2002) (*citing National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002), for proposition that "[d]iscrete acts such as failure to promote constitutes a separate actionable

'unlawful unemployment practice'" and must be filed within the 45-day period.) *See also Jarmon v. Powell*, 208 F. Supp. 2d 21 (D.D.C. 2002)(finding that "each discrete discriminatory act" of plaintiff failing to be hired for a position "starts a new clock for filing charges alleging that act.") In this case, the positions for which plaintiff Lane applied were "discrete" individual positions for different jobs and the selections were made by different Peace Corps employees. *See generally* Complaint, referencing the different Peace Corps employees involved in plaintiff Lane's non-selections.

Moreover, where a plaintiff failed to satisfy the 45-day requirement for initiating EEO contact in the administrative process, pursuant to recent U.S. Supreme Court and this Court's recent precedent, such plaintiff is considered to have failed to exhaust his administrative remedies with respect to each discrete claim that was not filed in a timely manner, even if related claims were filed previously in a timely fashion.

In *Morgan*, supra, the Supreme Court considered the extent to which a plaintiff alleging discrimination and retaliation may file suit on events outside of the Title VII statutory time limits. The Supreme Court in reversing the Ninth Circuit's decision that the pre-limitations conduct was sufficiently related to the post-limitations conduct such that all claims would remain viable, distinguished between a "hostile environment claim . . . [that by] their very nature, involves repeated conduct" and "[d]iscrete acts such as termination, failure to promote, denial of transfer or refusal to hire." *Id.* 536 U.S. at 114, 115. With respect to "discrete acts of discrimination and retaliation," the Supreme Court rejected the "continuing violation" theory that would permit plaintiffs to recover for discrete acts of discrimination and retaliation that were not exhausted but were "sufficiently related" to exhausted claims. *Id*. 536 U.S. at 105.

9

The Court in *Keeley v. Small*, 2005 U.S. Dist. LEXIS 18871, *16-21 (D.D.C. August 30, 2005) held that dismissal of discrete retaliation claims for failure to contact an EEO Counselor within the 45-day time limit was appropriate even where plaintiff had filed an initial complaint alleging similar allegations. In *Keeley*, plaintiff had filed a series of EEO complaints alleging retaliatory denial of promotions, interference with EEO investigation, and unlawful reprimands. Defendant moved for dismissal of the discrete claims for which that plaintiff had not contacted an EEO Counselor within 45 days of the date of the alleged retaliatory actions. Plaintiff argued that once an initial complaint was lodged alleging discrimination and retaliation, it was unnecessary for an employee to refile a new complaint upon every new instance. The Court reviewed the prevailing precedent including the Supreme Court decision in *Morgan*, and rejected plaintiff's argument on the basis that "*Morgan* . . . . emphasized 'strict adherence' to the procedural requirements of Title VII . . . [and] has been understood to bar unexhausted claims arising after the filing of an administrative action." *Id. at* * 19. Accordingly, the Court dismissed all of plaintiff's retaliation claims for which there was no EEO contact within 45 days of the date of alleged retaliation, finding that "[i]n order for plaintiff to pursue his claims in federal court, he must establish that he timely exhausted his administrative remedies for each discrete claim of retaliation." *Id*. at 20. *See also Blackmon-Malloy v. Capital Police Bd.*, 338 F. Supp. 2d 97 (D.D.C. 2004) (relying upon *Morgan* in dismissing non-timely discrimination and retaliation claims of failure to promote where barred by Title VII limitation periods.)

In this case, the same situation obtains. Plaintiff Lane cannot establish that he exhausted his administrative remedies with respect to the positions for which he was not hired as he failed to contact an EEO Counselor or otherwise file a formal or informal complaint with the Peace

10

Corps within 45 days of the date of the alleged discriminatory or retaliatory decision not to select him for the position.  As plaintiff Lane is unable to establish such EEO contact for position nos. PC2-094, PC2-133, PC3-071, PC3-102, PC3-230, PC3-278, PC3-280, PC4-115w, PC4-149, PC-149w, PC4-201, PC5-047 and PC5-135, these claims must be dismissed.

Any additional relevant or applicable equitable defense to the strict application of the 45-day time limit which according to the D.C. Circuit, is to be applied "only in extraordinary carefully circumscribed instances" would not be germane to this case. *See Monday v. Sec'y of the Army*, 845 F.2d 1051, 1057 (D.C.Cir. 1988).  First, a claim that plaintiff Lane lacked information about the 45-day requirement could not be asserted as plaintiff Lane's informal and formal discrimination complaints were filed by experienced legal counsel.  *See* Ex 1 & 2.  Second, there can be no dispute about the dates that plaintiff Lane became aware of the alleged discriminatory acts as the relevant dates for plaintiff Lane's awareness for the purposes of this motion are taken from plaintiff Lane's Informal Discrimination Complaint forms and plaintiffs' complaint.

In light of the foregoing, pursuant to 29 C.F.R. § 1614.105 and applicable case law, the portions of Count I and Count II of plaintiffs' complaint that alleged discriminatory and retaliatory non-selection relating to position nos. PC2-094, PC2-133, PC3-071w, PC3-102, PC3-230, PC3-278, PC3-280, PC4-115w, PC4-149, PC-149w, PC4-201, PC5-047 and PC5-135 must be dismissed.

Count four of the Complaint, pertaining to plaintiff Perry, alleges retaliation when she was suspended  "indefinitely without pay from May 2004 through February 2005," and constructive termination when she was "forced. . .to resign, since she would otherwise have been compelled by the Agency to initially litigate her discrimination issues before the Foreign Service

11

Grievance Board. . . ."  Complaint at ¶227.

Perry terminated EEO counseling on March 18, 2004, and had no contact with a counselor thereafter.  Everest Dec. at ¶6.  Her next contact was the August 11, 2004 letter "amending" her complaint.  Ex. 5.   In that letter she alleged discrimination

1. On April 16, 2004 when she was issued a five day suspension

2. May 21, 2004 when she was issued a proposed termination and was placed on administrative leave

3. July 2, 2004 termination from agency pending review by the Board.

Since 45 days before August 11 is June 24, 2004, the two acts in April and May were not filed timely.  Therefore the allegation in the instant complaint of suspension beginning in May 2004 should be dismissed.

Plaintiff did not mention in her August 11, 2004 letter, and did not claim therein as an act of retaliation, being suspended or placed on leave without pay starting July 2, 2004.  She never contacted the EEOC concerning such a claim.  Everest Dec. at ¶6.   She only contacted the EEOC about the July 2, 2004 decision to terminate her.  Ex 5 and Instance 3. There was no mention of any indefinite suspension without pay, retaliatory or otherwise, and thus, no notice was provided to the Peace Corps that plaintiff Perry was claiming that the indefinite suspension or leave without pay was retaliatory.  Therefore her complaint as it relates to suspension through February 2005 should be dismissed.

Plaintiff never contacted the EEO about her February 4, 2005 resignation or alleged constructive termination.  Everest Dec at ¶ 6.  Therefore her complaint concerning constructive termination should be dismissed.

A forced resignation is clearly a "discrete act of retaliation" in the mode of a termination or failure to hire. Accordingly, pursuant to *Morgan*, and *Keeley*, *supra,* her constructive resignation claim was not exhausted, is time-barred and must be dismissed.

### **Plaintiffs' Claims and Should be Severed Into Two Separate Actions**

Plaintiffs Lane and Perry have filed a joint complaint of completely distinct and dissimilar claims and grievances against the Peace Corps, which do not arise out of the same transaction or occurrence and do not raise a common question of fact or law and thus, should be severed into separate actions.

Plaintiffs Lane and Perry do not share similar positions or status vis-à-vis the Peace Corps, their allegations do not arise out of the same transaction or occurrence, their claims do not involve the same individuals, the types of alleged discriminatory actions are totally distinct, and do not even allege the same type of discrimination, and are thus not eligible for joinder.

Plaintiff Lane is a white male applicant for 19 positions with the Peace Corps, almost entirely in the Office of Human Resources, who claims that he was not selected for these positions in Human Resources notwithstanding his superior qualifications and applications beginning in April 2002. See Plaintiffs' Complaint at 86-165. Plaintiff Lane claims that since 2002, the Peace Corps's office of Human Resources has only selected women for positions in that office, and has discriminated against him on the basis of his gender and in retaliation for prior EEO activities. See Plaintiffs' Complaint at 165, 218-220. Plaintiff Lane identifies the following individuals as having participated in these discriminatory selections whether by interviewing plaintiff Lane, serving on a panel to rate and rank applicants, or making the eventual selection for the position at issue: Walita Winslow, LaShawn Stone, Deanna Galbreath, Janet

13

Brown, Keith Vance, Susie Shaloub, Cathy Pearson, Frank Sheed, Anita Brooks, Sylvia Lavell, Sharon Jenkins, Sheron Jackson, Madeleine Robinson, Odessa White, David O'Neill, Phnesha Barnes and Dave Dalton. See Complaint at ¶¶ 87, 91, 102, 105 119, 128, 140, 144, 149, 160 and 163. The legal and factual issues involved in plaintiff Lane's claims relate to his qualifications and experience in the Human Resources field, the experience and qualifications of those individuals selected for these positions in the Human Resources area, and whether the Peace Corps employees identified above who made these selection decisions were motivated by plaintiff Lane's gender and retaliation in hiring other individuals for these positions.

Plaintiff Perry was a black female Peace Corps employee who worked for the Peace Corps EEO Office (known as the Office of American Diversity Programs) from April 2003 until her resignation in February 2005. Complaint at ¶¶166-214. Plaintiff Perry claims that her supervisor in the Agency's EEO Office, declined to promote her and that she was indefinitely suspended and forced to resign. Counts 3 and 4. The primary alleged discriminating official claimed by plaintiff Perry was her supervisor, Shirley Everest, although she also identifies senior-level Peace Corps officials Jennifer Owens, Tyler Posey and Janet Brown as having contributed to the retaliation. *Id.;* see also Complaint at ¶¶169, 187 and 194.

The factual and legal issues relating to plaintiff Perry's allegations concern her supervisor's failure to select her and her suspension and resignation.

Thus, the two sets of claims are entirely distinct. Plaintiff Lane was an applicant for Peace Corps positions who was never hired, while plaintiff Perry was a full-time Peace Corps employee who worked for the Peace Corps for nearly a year before she resigned. Plaintiff Lane is a white male alleging, *inter alia*, gender discrimination against males and retaliation for filing

14

EEO complaints about his non-selection. Plaintiff Perry is a black female alleging simply retaliation.

Plaintiff Lane applied for positions in the Office of Human Resources, while plaintiff Perry worked in the Peace Corps' EEO Office. Plaintiff Lane claims that numerous Human Resources employees, nearly all of whom were women, conspired to deny him a position notwithstanding his qualifications and experience, while plaintiff Perry claims that her supervisor in the Agency's EEO Office denied her promotions, and that she was suspended without pay and constructively terminated.

The only area in common at all between these two wholly and entirely dissimilar claims are plaintiffs' allegations in three paragraphs of the 227-paragraph complaint that Peace Corps employees told plaintiff Perry that plaintiff Lane was not to be hired and that the Agency was running out of reasons to not hire plaintiff Lane, that plaintiff Perry opposed management's decision to create false justifications not to hire plaintiff Lane, and that plaintiff Perry generally opposed discrimination and unlawful personnel practices relating to six complaints, one of which belonged to Lane. Complaint at ¶¶138, 139 and 167.

There is no claim of an Agency-wide discriminatory policy directed at both plaintiffs Lane and Perry. The claims asserted by plaintiffs' Lane and Perry simply do not arise from the same transaction or occurrence and do not raise a common question of fact or law.

Pursuant to F.R.C.P. 20(a), plaintiffs can "join together in one action if they assert any right to relief jointly, severally, or, in the alternative, in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these parties will arise in the action." This Court has held that "[i]f the Court

15

finds that a party is found to be misjoined, i.e. they have not satisfied one or both of the conditions of Rule 20, then the Court will not dismiss the case, but instead will remedy the misjoinder, by 'severance of the claims brought by the improperly joined party.'" *Grant v. Salem*, 226 F.R.D. 1, 3 (D.D.C. 2004), citing, *Brereton v. Communications Satellite Corp.*,116 F.R.D. 162, 163 (D.D.C. 1987) and Fed. R. Civ. P. 21.  In *Grant,* this Court severed into separate actions claims brought by three plaintiffs alleging negligent medical care, finding that although the same surgeries were performed by defendant doctor, the facts and circumstances of each plaintiff's claim "vary so substantially that the Court concluded that they fail to satisfy the requirements of Rule 20." *Id*. at 3-4.

      Similarly, in *Disparate v. Corporate Executive Board*, 223 F.R.D. 7 (D.D.C. 2004), this Court concluded that claims asserted by two plaintiffs of discrimination at a company were improperly joined together with claims of another plaintiff alleging discrimination at the same company, and granted defendant's motion to sever.  In *Disparate*, plaintiffs Disparate, Cobb and Muhammad all claimed that they were denied opportunities by defendant company and ultimately terminated because of their race.  This Court found that although the three plaintiffs' claims were logically related to the allegation of a company wide pattern of discrimination, plaintiff "Disparate worked in a different capacity, in a different department, under different supervisors and offers different evidence of racial discrimination than Cobb and Muhammad." *Id*. at 15.  Further, this Court held that "[a]llowing Disparate to pursue his claims in a joint trial would prejudice the defendant because there is significant likelihood that a single jury would be confused by the different items of evidence and the different witnesses' testimony." *Id*. Accordingly, the Court severed the claims of plaintiff Disparate from the claims of the other two

16

plaintiffs.

In this case, there is no allegation of an agency-wide pattern of discrimination, and not only did plaintiff Lane not work for or have any connection to plaintiff Perry's office, department or supervisor, but plaintiff Lane did not even work for Peace Corps at all, but was simply an applicant for positions in an Agency for which plaintiff Perry also happened to work.  Plaintiff Lane's claims relate entirely to a comparison of his qualifications versus applicants who were selected for positions in the field of Human Resources, while plaintiff Perry's claims relate wholly to her work performance, and decisions made by her supervisor in the Agency's EEO Office to discipline her.  Their respective claims involve entirely different testimony with different witnesses and totally different alleged discriminating officials.

Furthermore, as in *Disparate*, there is a significant likelihood that a single jury would be confused by the presentation of testimony by plaintiff Lane that the Peace Corps' Human Resources office discriminated against him because of his gender by not selecting him for numerous jobs, while at the same time hearing evidence about plaintiff Perry's complaints that her supervisor in the EEO office retaliated against her and otherwise denied her workplace benefits and improperly disciplined her.  Moreover, merely adding in a couple of allegations in a long complaint that one plaintiff opposed discrimination against another plaintiff or had a couple of alleged discussions about the other plaintiff's case, is not sufficient to establish a common question of fact or law or that the two wholly dissimilar claims arise out of the same transaction or occurrence.  In light of the foregoing, defendant's request for severance should be granted.

## Conclusion

For the foregoing reasons, the defendant respectfully requests that its motion be granted

in its entirety.

                      Respectfully submitted,

                      _____
                      KENNETH L. WAINSTEIN, D.C. Bar # 451058
                      United States Attorney

_____  _____
                      R. CRAIG LAWRENCE, D.C. Bar # 171538
                      Assistant United States Attorney

                      _____
                      RHONDA C. FIELDS
                      Assistant United States Attorney
                      555 4th Street, N.W.,
                      Washington, D.C. 20530
                      (202) 514-6970


OF COUNSEL:

H. DAVID KOTZ
U.S. Peace Corps