## MEMORANDUM

From: Jody Olsen, Deputy Director

To: Rachel Perry, EEO Specialist

Date: July 2, 2004

Re: Notice of Termination

On May 21, 2004, your supervisor Shirley Everest, the ADP Manager, proposed your termination from employment with Peace Corps. On June 21, you provided a written response, through your attorney, and you and your attorney provided an oral response as well. After careful consideration of Ms. Everest's proposal, and of the facts and arguments you presented in response, I have decided that termination is warranted.

1. <u>Basis for Proposed Termination</u>.

The success of a federal agency's EEO program is dependent on maintaining the integrity of the EEO process, which is the responsibility of the EEO Director and her staff. Ms. Everest determined, based on two separate incidents, that you had seriously undermined that process, and that she could no longer place confidence in you to maintain the integrity of the process, in addition to finding that you had violated the rules of government ethics.

In the first incident, she found that you had intentionally listened in on a closed-door, confidential telephone interview she had with your EEO Counselor concerning your EEO case, and then reported information about that conversation to Director Vasquez, Jennifer Owens, and Phnesha Barnes. Initially, Ms. Everest proposed a suspension based on this incident, together with two separate incidents in which you behaved inappropriately toward senior staff members.

Before I had an opportunity to make a final decision on that proposed suspension, the second incident occurred. On April 23, 2004, you filed a formal EEO complaint through your attorney, Leizer Goldsmith. Mr. Goldsmith is also the attorney for Eugene Lane, who has filed numerous EEO complaints against the Peace Corps based on his contention that the Peace Corps has discriminated against him by its failure to hire him for positions he has applied for with the Agency. Included in your EEO complaint were two paragraphs which contained allegations concerning confidential communications you claim to have had concerning the Lane case with others in the Agency. Ms. Everest found that, by providing this confidential information about the Lane case to Mr. Lane's attorney, you undermined the integrity of the EEO process and you violated U.S. government ethics rules that prohibit "the improper use of nonpublic information to further [your] own private interest or that of another."

After the second incident occurred, Ms. Everest withdrew the proposed suspension based on the first incident and in its place issued a proposal to terminate your employment based on both of these incidents taken together.

2. <u>Your Response</u>.

In response, you argue, with respect to the first incident, that you did nothing wrong by listening in on, and reporting the contents of, a confidential interview that was part of the EEO counseling process. You state that it was merely "regrettable" that you overheard this conversation and that Ms. Everest should have been more guarded in conducting the conversation.

With respect to the second incident, you argue that you did not provide your attorney with any improper information and that the Agency's proposal to terminate you constitutes retaliation for engaging in "protected activity."

3. <u>Decision</u>.

After carefully considering Ms. Everest's proposal and your responses to her proposal, I have concluded that termination is warranted.

a. <u>First Incident</u>. As an EEO professional, you are aware of the importance of maintaining the confidentiality of the EEO counseling process, whether in relation to your own EEO complaint or that of any other complainant. When you overheard Ms. Everest's conversation and became aware of the nature of that conversation, you should have taken measures to protect the confidentiality of that conversation, either by informing Ms. Everest that she could be overheard, or by moving to a place where you could no longer hear the conversation. Having overheard this conversation, you should not have reported on it to others in the Agency. However you may have felt about Ms. Everest's comments, you were aware that they were made as part of the confidential EEO complaint process and should not have been shared with others; this is just as true in the context of your EEO case as it would be if the case Ms. Everest had been speaking about had been filed by someone else. Moreover, these comments should especially not have been shared with the Director of the Agency. The Director must issue final agency decisions on EEO complaints. As such, it is highly inappropriate to share comments or complaints with him during the processing of the complaint which could taint his consideration of the case when it later comes before him for decision.

b. <u>Second Incident</u>. Your first contention is that you provided no information pertinent to the Lane case to your (and Mr. Lane's) attorney. However, the allegations in your complaint – submitted to the Agency by your attorney, Mr. Goldsmith -- that were cited by Ms. Everest in her proposed termination memo plainly include information that you obtained during confidential communications with the Agency's HRM staff in deliberating over Mr. Lane's complaints. Moreover, the information you provided to your attorneys has already been put to use in the Lane case itself, as the

discovery requests your attorneys have propounded in that case draw directly from your allegations. See Complainant's First Set of Interrogatories, numbers 22 through 28.

I also do not find that you were engaging in protected activity with respect to Mr. Lane, or that your providing this information to your attorneys constituted protected activity. The information you have provided does not even contain any specific allegations that you engaged in protected "whistleblowing activities" or that you made any attempt to raise concerns about improprieties in the handling of Mr. Lane's case to authorities in a position to address those concerns. Rather, based on the evidence before me, it appears that the first time you raised any concerns about the handling of Mr. Lane's case was when you filed an EEO complaint on your own behalf. Second, while you have every right to discuss matters with your attorneys, you have done more than that here – you have provided your attorneys with confidential information about the deliberative process used in an EEO case that you were involved with as part of your job, and your attorneys have then used this information as part of your EEO complaint and as part of Mr. Lane's as well. This goes far beyond private discussion with your attorneys, and clearly violates the rules of ethical conduct, as well as interfering with the proper processing of Mr. Lane's complaint.

As EEO Specialist, you are regularly exposed to confidential information, whether confidential information provided to you by employees seeking the assistance of the EEO office, confidential information related to the processing of an EEO complaint, or confidential information related to management's deliberative process in the handling of an EEO matter. As the EEO Director, Ms. Everest must be able to rely on you to handle confidential information appropriately, whether that information pertains to your own EEO case, to Mr. Lane's case, or to any other matter. To be sure, if you become aware of what you perceive to be irregular or unlawful conduct within the Agency, there are proper procedures for raising concerns about such conduct, as you are certainly aware. You have not invoked those procedures but instead have disclosed confidential information in ways that show a serious lack of judgment and professionalism, and which are inconsistent with performing your duties as an EEO Specialist.

It bears emphasis the effect your actions have on the EEO process of this Agency. As a federal agency, the Peace Corps has a responsibility to protect the rights of its employees and Volunteers, and the EEO office plays a significant role in carrying out that responsibility. The actions you have taken make it impossible for the EEO office to function effectively and to carry out its responsibility, and this harms not only the EEO office but the Agency as a whole.

Accordingly, I conclude that the appropriate course of action is to terminate your employment with the Agency.

4.  Conclusion.

In conclusion, I conclude that you should be terminated from the Agency. This is the Agency's final recommendation, and is subject to review by the Foreign Service

Grievance Board pursuant to Section 610(a)(2) of the Foreign Service Act, 22 U.S.C. 4010(a)(2), unless you waive your right to such review in writing. You are on leave without pay pursuant to Section 610(a)(6) of the Foreign Service Act, 22 U.S.C. 4010(a)(6), effective immediately upon the date of your receipt of this memorandum and will remain in this status until such time as a final decision is issued by the Foreign Service Grievance Board, or until you waive your right to review by that body. Should you choose to waive your right to a hearing before the Foreign Service Grievance Board, please direct this waiver to my attention. Otherwise, you will receive notification concerning the proceedings before the Board. You will have the right to a representative of your choice in any proceedings before the Board.

Please acknowledge receipt of this notice in the space provided below. Your signature in no way constitutes concurrence or non-concurrence with its contents.

My signature acknowledges receipt of this memorandum and is not an indication of my agreement with its contents.

_____          _____
Signature                                             Date   7/2/2004