UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

HERMAN EUGENE LANE, ET AL.,              )
                                         )
                    Plaintiffs,          )
          v.                             )
                                         )          Civil Action No. 05-01414 (EGS)
                                         )
UNITED STATES PEACE CORPS,               )
                                         )
                                         )
                    Defendant.           )
_____)

ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFFS' COMPLAINT

        Defendant hereby answers the Plaintiffs Herman Eugene Lane and Rachel Perry

complaint as follows.  Defendant denies each and every allegation of the complaint not expressly

admitted in this answer.

PARTIES

 1.      Defendant admits that plaintiff Rachel Perry is a black female but denies

knowledge or information sufficient to form of the belief as to the remaining allegations of

paragraph 1 of plaintiffs' complaint.

 2.      Defendant admits that plaintiff Herman Eugene Lane is a white male but denies

knowledge or information sufficient to form of the belief as to the remaining allegations of

paragraph 2 of plaintiffs' complaint.

 3.      Defendant admits the allegation contained in paragraph 3 of plaintiffs' complaint.

 4.      Paragraph 4 of plaintiffs' complaint contains plaintiffs' characterization of the

lawsuit, not averments of fact to which an answer is required.  To the extent an answer is deemed

to be required, the allegation is denied.

## JURISDICTION AND VENUE

5.      The allegations contained in paragraph 5 of plaintiffs' complaint are conclusions of

law to which an answer is not required.

6.      The allegations contained in paragraph 6 of plaintiffs' complaint are conclusions

of law to which an answer is not required.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

7.      Defendant admits that plaintiffs Lane and Perry filed separate administrative

complaints more than 180 days before the filing of this federal complaint as alleged in paragraph

7 of plaintiffs' complaint, but denies that plaintiffs have exhausted their administrative remedies

with respect to their allegations in this federal complaint.

8.       The allegations contained in paragraph 8 of plaintiffs' complaint are conclusions

of law to which an answer is not required. To the extent an answer is deemed to be required, the

allegations are denied.

## THE FACTS SUPPORTING LANE'S CLAIMS

9.      Defendant admits the allegations contained in paragraph 9 of plaintiffs'

complaint.

10.     The allegations contained in paragraph 10 of plaintiffs' complaint concern a

certificate, which is a writing that speaks for itself.

11.     The allegations contained in paragraph 11 of plaintiffs' complaint concern a signed

award, which is a writing that speaks for itself.

12.     Defendant denies knowledge or information sufficient to form a belief as to the

truth of the allegation contained in paragraph 12 of plaintiffs' complaint.

13.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph 13 of plaintiffs' complaint.

14.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph 14 of plaintiffs' complaint.

15.     Defendant denies the allegation contained in paragraph 15 of plaintiffs' complaint.

16.     Defendant denies the allegation contained in paragraph 16 of plaintiffs' complaint.

17.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of plaintiffs' complaint.

18.     Defendant denies the allegation contained in paragraph 18 of plaintiffs' complaint.

19.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of plaintiffs' complaint.

20.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of plaintiffs' complaint.

21.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of plaintiffs' complaint.

22.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of plaintiffs' complaint.

23.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of plaintiffs' complaint.

24.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of plaintiffs' complaint.

25.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of plaintiffs' complaint.

26.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of plaintiffs' complaint.

27.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of plaintiffs' complaint.

28.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of plaintiffs' complaint.

29.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of plaintiffs' complaint.

30.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of plaintiffs' complaint.

31.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of plaintiffs' complaint.

32.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of plaintiffs' complaint.

33.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of plaintiffs' complaint.

34.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of plaintiffs' complaint.

35.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of plaintiffs' complaint.

36.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of plaintiffs' complaint.

37.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of plaintiffs' complaint..

38.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of plaintiffs' complaint.

39.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of plaintiffs' complaint.

40.     Defendant denies the allegation contained in paragraph 40 of plaintiffs' complaint.

41.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of plaintiffs' complaint.

42.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of plaintiffs' complaint.

43.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 of plaintiffs' complaint.

44.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of plaintiffs' complaint.

45.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 of plaintiffs' complaint.

46.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 of plaintiffs' complaint.

47.     Defendant denies knowledge or information sufficient to form a belief as to the

truth of the allegations contained in paragraph 47 of plaintiffs' complaint.

48.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 of plaintiffs' complaint.

49.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49 of plaintiffs' complaint.

50.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50 of plaintiffs' complaint.

51.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 51 of plaintiffs' complaint.

52.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52 of plaintiffs' complaint.

53.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 53 of plaintiffs' complaint.

54.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 54 of plaintiffs' complaint.

55.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 55 of plaintiffs' complaint.

56.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 56 of plaintiffs' complaint.

57.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 57 of plaintiffs' complaint.

58.    Defendant denies knowledge or information sufficient to form a belief as to the

truth of the allegations contained in paragraph 58 of plaintiffs' complaint.

59.     Defendant denies the allegations contained in paragraph 59 of plaintiffs'

complaint.

60.     Defendant admits that Shelia Clark was selected for a position with the Peace

Corps corresponding to vacancy announcement no. PC4-081, that Odessa White was selected for

a position with the Peace Corps corresponding to vacancy announcement no. PC3-006, and that

Phnesha Barnes was a selected for a position with the Peace Corps corresponding to vacancy

announcement no. PC3-007, and that supervisory experience was one of several qualifications

for those positions, but denies the remaining allegations contained in paragraph 60 of plaintiffs'

complaint.

61.     Defendant denies knowledge or information sufficient to form a belief as to the

truth of the allegations contained in paragraph 61 of plaintiffs' complaint.

62.     Defendant denies knowledge or information sufficient to form a belief as to the

truth of the allegations contained in paragraph 62 of plaintiffs' complaint.

63.     Defendant denies knowledge or information sufficient to form a belief as to the

truth of the allegations contained in paragraph 63 of plaintiffs' complaint.

64.     Defendant denies knowledge or information sufficient to form a belief as to the

truth of the allegations contained in paragraph 64 of plaintiffs' complaint.

65.     Defendant denies that plaintiff Lane was not fully credited in his applications for

supervisory experience as alleged in paragraph 65 of plaintiffs' complaint.

66.     Defendant denies knowledge or information sufficient to form a belief as to the

truth of the allegations contained in paragraph 66 of plaintiffs' complaint.

67.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 67 of plaintiffs' complaint.

68.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 68 of plaintiffs' complaint.

69.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 69 of plaintiffs' complaint.

70.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 70 of plaintiffs' complaint.

71.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 71 of plaintiffs' complaint.

72.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 72 of plaintiffs' complaint.

73.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 73 of plaintiffs' complaint.

74.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 74 of plaintiffs' complaint.

75.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 75 of plaintiffs' complaint.

76.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 76 of plaintiffs' complaint.

77.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 77 of plaintiffs' complaint.

78.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 78 of plaintiffs' complaint.

79.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 79 of plaintiffs' complaint.

80.    Defendant denies that professional writings would necessarily evidence identification of complex issues as alleged in paragraph 80 of plaintiffs' complaint.

81.    Defendant denies that Lane worked on "employee relations" issues as alleged in paragraph 81 of plaintiffs' complaint.

82.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 82 of plaintiffs' complaint.

83.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 83 of plaintiffs' complaint.

84.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 84 of plaintiffs' complaint.

85.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 85 of plaintiffs' complaint.

86.    Defendant has moved to dismiss this claim in Defendants' motion for partial dismissal of counts I and II of plaintiffs' complaint and full dismissal of count IV of plaintiffs' complaint and to sever claims of plaintiffs Lane and Perry and accordingly, defendant's response to this cause of action is contained in such motion.

87.    Defendant has moved to dismiss this claim in Defendants' motion for partial dismissal of counts I and II of plaintiffs' complaint and full dismissal of count IV of plaintiffs'

9

complaint and to sever claims of plaintiffs Lane and Perry and accordingly, defendant's response to this cause of action is contained in such motion.

88.    Defendant has moved to dismiss this claim in Defendants' motion for partial dismissal of counts I and II of plaintiffs' complaint and full dismissal of count IV of plaintiffs' complaint and to sever claims of plaintiffs Lane and Perry and accordingly, defendant's response to this cause of action is contained in such motion.

89.    Defendant has moved to dismiss this claim in Defendants' motion for partial dismissal of counts I and II of plaintiffs' complaint and full dismissal of count IV of plaintiffs' complaint and to sever claims of plaintiffs Lane and Perry and accordingly, defendant's response to this cause of action is contained in such motion.

90.    Defendant has moved to dismiss this claim in Defendants' motion for partial dismissal of counts I and II of plaintiffs' complaint and full dismissal of count IV of plaintiffs' complaint and to sever claims of plaintiffs Lane and Perry and accordingly, defendant's response to this cause of action is contained in such motion.

91.    Defendant has moved to dismiss this claim in Defendants' motion for partial dismissal of counts I and II of plaintiffs' complaint and full dismissal of count IV of plaintiffs' complaint and to sever claims of plaintiffs Lane and Perry and accordingly, defendant's response to this cause of action is contained in such motion.

92.    The allegations contained in paragraph 92 of plaintiffs' complaint concern a letter, which is a writing that speaks for itself.

93.    Defendant admits that plaintiff Lane applied for the position of Lead Human Resources Specialist under vacancy announcement no. PC3-020, but denies the remaining allegations

contained in paragraph 93 of plaintiffs' complaint.

94.    Defendant admits that plaintiff Lane applied for positions under vacancy announcement nos. PC3-006 and PC3-007, but denies the remaining allegations contained in paragraph 94 of plaintiffs' complaint.

95.    The allegations contained in paragraph 95 of plaintiffs' complaint concern a letter, which is a writing that speaks for itself.

96.    Defendant admits the allegations contained in paragraph 96 of plaintiffs' complaint.

97.    Defendants denies the allegations contained in paragraph 97 of plaintiffs' complaint.

98.    Defendant has moved to dismiss this claim in Defendants' motion for partial dismissal of counts I and II of plaintiffs' complaint and full dismissal of count IV of plaintiffs' complaint and to sever claims of plaintiffs Lane and Perry and accordingly, defendant's response to this cause of action is contained in such motion

99.    Defendant has moved to dismiss this claim in Defendants' motion for partial dismissal of counts I and II of plaintiffs' complaint and full dismissal of count IV of plaintiffs' complaint and to sever claims of plaintiffs Lane and Perry and accordingly, defendant's response to this cause of action is contained in such motion

100.    Defendant admits that Odessa White and Anne Ross were female candidates who were interviewed for the PC3-006 position, but denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 100 of plaintiffs' complaint.

101.    Defendant admits that in addition to Ms. Ross and Ms. White, it interviewed one

additional man and one additional woman for the PC3-006 position as alleged in paragraph 101 of plaintiffs' complaint.

102.    Defendant admits that Ms. Pearson was involved in the selection process for PC3-006, but denies the remaining allegations of paragraph 102 of plaintiffs' complaint.

103.    Defendant admits the allegations contained in paragraph 103 of plaintiffs' complaint.

104.    Defendant admits the allegations contained in paragraph 104 of plaintiffs' complaint.

105.    Defendant admits the allegations contained in paragraph 105 of plaintiffs' complaint.

106.    Defendant admits that it checked the references of Odessa White, but denies the remaining allegations of paragraph 106 of plaintiffs' complaint.

107.    Defendants admits that Ms. White was selected for the PC3-006 position, but denies the remaining allegations of paragraph 107 of plaintiffs' complaint.

108.    The allegations contained in paragraph 108 of plaintiffs' complaint concern a vacancy announcement, which is a writing that speaks for itself.

109.    Defendant admits that Phnesha Barnes, a female applicant, was selected for the Supervisory Human Resources Specialist, corresponding to vacancy announcement no. PC3-007, and plaintiff Lane was not selected for this position, as alleged in paragraph 109 of plaintiffs' complaint.

110.    Defendant admits that Ms. Barnes' application contained a document that referenced her position with the Capital Police, but denies the remaining allegations contained in paragraph 110 of plaintiffs' complaint.

111.    The allegations contained in paragraph 111 of plaintiffs' complaint concern a vacancy announcement, which is a writing that speaks for itself

112.    Defendant admits that Ms. Barnes was selected for the position corresponding to vacancy announcement no. PC3-007, but denies the remaining allegations contained in paragraph 112 of plaintiffs' complaint.

113.    Defendant denies the allegations contained in paragraph 113 of plaintiffs' complaint.

114.    Defendant denies the allegations contained in paragraph 114 of plaintiffs' complaint.

115.    Defendant denies the allegations contained in paragraph 115 of plaintiffs' complaint.

116.    Defendant admits that Janet Brown accepted the recommendation for the selection of Phnesha Barnes for the position corresponding to vacancy announcement no. PC3-007 but denies the remaining allegations of paragraph 116 of plaintiffs' complaint.

117.    Defendant has moved to dismiss this claim in Defendants' motion for partial dismissal of counts I and II of plaintiffs' complaint and full dismissal of count IV of plaintiffs' complaint and to sever claims of plaintiffs Lane and Perry and accordingly, defendant's response to this cause of action is contained in such motion.

118.    Defendant has moved to dismiss this claim in Defendants' motion for partial dismissal of counts I and II of plaintiffs' complaint and full dismissal of count IV of plaintiffs' complaint and to sever claims of plaintiffs Lane and Perry and accordingly, defendant's response to this cause of action is contained in such motion.

119.    Defendant has moved to dismiss this claim in Defendants' motion for partial dismissal of counts I and II of plaintiffs' complaint and full dismissal of count IV of plaintiffs'

complaint and to sever claims of plaintiffs Lane and Perry and accordingly, defendant's response to this cause of action is contained in such motion.

120.    Defendant has moved to dismiss this claim in Defendants' motion for partial dismissal of counts I and II of plaintiffs' complaint and full dismissal of count IV of plaintiffs' complaint and to sever claims of plaintiffs Lane and Perry and accordingly, defendant's response to this cause of action is contained in such motion.

121.    Defendant admits that an EEO Counselor was assigned to Lane's complaint of discrimination, but denies the remaining allegations of paragraph 121 of plaintiffs' complaint.

122.    Defendant has moved to dismiss this claim in Defendants' motion for partial dismissal of counts I and II of plaintiffs' complaint and full dismissal of count IV of plaintiffs' complaint and to sever claims of plaintiffs Lane and Perry and accordingly, defendant's response to this cause of action is contained in such motion.

123.    Defendant admits that an EEO Counselor spoke with Ms. Brown about Lane's complaint of discrimination, but denies the remaining allegations of paragraph 123 of plaintiffs' complaint.

124.    The allegations contained in paragraph 124 of plaintiffs' complaint concern a letter, which is a writing that speaks for itself

125.    Defendant has moved to dismiss this claim in Defendants' motion for partial dismissal of counts I and II of plaintiffs' complaint and full dismissal of count IV of plaintiffs' complaint and to sever claims of plaintiffs Lane and Perry and accordingly, defendant's response to this cause of action is contained in such motion.

126.    Defendant has moved to dismiss this claim in Defendants' motion for partial dismissal of counts I and II of plaintiffs' complaint and full dismissal of count IV of plaintiffs'

complaint and to sever claims of plaintiffs Lane and Perry and accordingly, defendant's response to this cause of action is contained in such motion.

127.    Defendant has moved to dismiss this claim in Defendants' motion for partial dismissal of counts I and II of plaintiffs' complaint and full dismissal of count IV of plaintiffs' complaint and to sever claims of plaintiffs Lane and Perry and accordingly, defendant's response to this cause of action is contained in such motion.

128.    Defendant has moved to dismiss this claim in Defendants' motion for partial dismissal of counts I and II of plaintiffs' complaint and full dismissal of count IV of plaintiffs' complaint and to sever claims of plaintiffs Lane and Perry and accordingly, defendant's response to this cause of action is contained in such motion.

129.    Defendant has moved to dismiss this claim in Defendants' motion for partial dismissal of counts I and II of plaintiffs' complaint and full dismissal of count IV of plaintiffs' complaint and to sever claims of plaintiffs Lane and Perry and accordingly, defendant's response to this cause of action is contained in such motion.

130.    Defendant has moved to dismiss this claim in Defendants' motion for partial dismissal of counts I and II of plaintiffs' complaint and full dismissal of count IV of plaintiffs' complaint and to sever claims of plaintiffs Lane and Perry and accordingly, defendant's response to this cause of action is contained in such motion.

131.    Defendant has moved to dismiss this claim in Defendants' motion for partial dismissal of counts I and II of plaintiffs' complaint and full dismissal of count IV of plaintiffs' complaint and to sever claims of plaintiffs Lane and Perry and accordingly, defendant's response to this cause of action is contained in such motion.

132.    Defendant has moved to dismiss this claim in Defendants' motion for partial dismissal of counts I and II of plaintiffs' complaint and full dismissal of count IV of plaintiffs' complaint and to sever claims of plaintiffs Lane and Perry and accordingly, defendant's response to this cause of action is contained in such motion.

133.    Defendant has moved to dismiss this claim in Defendants' motion for partial dismissal of counts I and II of plaintiffs' complaint and full dismissal of count IV of plaintiffs' complaint and to sever claims of plaintiffs Lane and Perry and accordingly, defendant's response to this cause of action is contained in such motion.

134.    Defendant has moved to dismiss this claim in Defendants' motion for partial dismissal of counts I and II of plaintiffs' complaint and full dismissal of count IV of plaintiffs' complaint and to sever claims of plaintiffs Lane and Perry and accordingly, defendant's response to this cause of action is contained in such motion.

135.    Defendant has moved to dismiss this claim in Defendants' motion for partial dismissal of counts I and II of plaintiffs' complaint and full dismissal of count IV of plaintiffs' complaint and to sever claims of plaintiffs Lane and Perry and accordingly, defendant's response to this cause of action is contained in such motion.

136.    Defendant has moved to dismiss this claim in Defendants' motion for partial dismissal of counts I and II of plaintiffs' complaint and full dismissal of count IV of plaintiffs' complaint and to sever claims of plaintiffs Lane and Perry and accordingly, defendant's response to this cause of action is contained in such motion.

137.    Defendant denies the allegations contained in paragraph 137 of plaintiffs' complaint.

138.    Defendant denies the allegations contained in paragraph 138 of plaintiffs' complaint.

139.    Defendant denies the allegations contained in paragraph 139 of plaintiffs' complaint.

140.    Defendant has moved to dismiss this claim in Defendants' motion for partial dismissal of counts I and II of plaintiffs' complaint and full dismissal of count IV of plaintiffs' complaint and to sever claims of plaintiffs Lane and Perry and accordingly, defendant's response to this cause of action is contained in such motion.

141.    Defendant has moved to dismiss this claim in Defendants' motion for partial dismissal of counts I and II of plaintiffs' complaint and full dismissal of count IV of plaintiffs' complaint and to sever claims of plaintiffs Lane and Perry and accordingly, defendant's response to this cause of action is contained in such motion.

142.    Defendant admits the allegations in paragraph 142 of plaintiffs' complaint.

143.    Defendant admits that Lane submitted an application and KSAs for position no. PC4-081, but denies that they were detailed, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 143 of plaintiffs' complaint.

144.    Defendant admits that it convened a panel to rank and rate applicants for position no. PC4-081, but denies the remaining allegation of paragraph 144 of plaintiffs' complaint.

145.    Defendant admits the allegations of paragraph 145 of plaintiffs' complaint.

146.    Defendant denies the allegations of paragraph 146 of plaintiffs' complaint.

147.    Defendant admits the allegations of paragraph 147 of plaintiffs' complaint.

148.    Defendant admits that the panel did not initially recommend Sheila Clark for an interview and that Ms. Clark was the eventual selectee, but denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 148 of plaintiffs' complaint.

149.    Defendant admits the allegations contained in paragraph 149 of plaintiffs' complaint.

150.    Defendant denies the allegations contained in paragraph 150 of plaintiffs' complaint.

151.    Defendant admits that it interviewed seven individuals for the PC4-081 position, but denies the remaining allegations of paragraph 151 of plaintiffs' complaint.

152.    Defendant denies the allegations contained in paragraph 152 of plaintiffs' complaint.

153.    Defendant denies the allegations contained in paragraph 153 of plaintiffs' complaint.

154.    Defendant admits that Lane was not selected for a second interviewed, but denies the remaining allegations of paragraph 154 of plaintiffs' complaint.

155.    Defendant admits the allegations contained in paragraph 149 of plaintiffs' complaint.

156.    Defendant admits that Ms. Clark was selected for the position, but denies the remaining allegations of paragraph 156 of plaintiffs' complaint.

157.    Defendant has moved to dismiss this claim in Defendants' motion for partial dismissal of counts I and II of plaintiffs' complaint and full dismissal of count IV of plaintiffs' complaint and to sever claims of plaintiffs Lane and Perry and accordingly, defendant's response to this cause of action is contained in such motion.

158.    Defendant has moved to dismiss this claim in Defendants' motion for partial dismissal of counts I and II of plaintiffs' complaint and full dismissal of count IV of plaintiffs' complaint and to sever claims of plaintiffs Lane and Perry and accordingly, defendant's response to this cause of action is contained in such motion.

159.    Defendant has moved to dismiss this claim in Defendants' motion for partial dismissal of counts I and II of plaintiffs' complaint and full dismissal of count IV of plaintiffs' complaint and to sever claims of plaintiffs Lane and Perry and accordingly, defendant's response to this cause of action is contained in such motion.

160.    Defendant has moved to dismiss this claim in Defendants' motion for partial dismissal of counts I and II of plaintiffs' complaint and full dismissal of count IV of plaintiffs' complaint and to sever claims of plaintiffs Lane and Perry and accordingly, defendant's response to this cause of action is contained in such motion.

161.    Defendant has moved to dismiss this claim in Defendants' motion for partial dismissal of counts I and II of plaintiffs' complaint and full dismissal of count IV of plaintiffs' complaint and to sever claims of plaintiffs Lane and Perry and accordingly, defendant's response to this cause of action is contained in such motion.

162.    Defendant admits that Lane was offered the position of Human Resources Specialist (PC4-185) with the Agency and that he declined that position and that he was not offered any other position for which he applied, but denies the remaining allegations contained in paragraph 162 of plaintiffs' complaint.

163.    Defendant has moved to dismiss this claim in Defendants' motion for partial dismissal of counts I and II of plaintiffs' complaint and full dismissal of count IV of plaintiffs' complaint and to sever claims of plaintiffs Lane and Perry and accordingly, defendant's response to this cause of action is contained in such motion.

164.    Defendant admits the allegations contained in paragraph 164 of plaintiffs' complaint.

165.    Defendant denies knowledge or information sufficient to form a belief as to the awareness of Lane as alleged in paragraph 165 of plaintiffs' complaint.

166.    Defendant admits the allegations contained in paragraph 166 of plaintiffs' complaint.

167.    Defendant denies the allegations contained in paragraph 167 of plaintiffs' complaint.

168.    Defendant denies the allegations contained in paragraph 168 of plaintiffs' complaint.

169.    Defendant denies the allegations contained in paragraph 169 of plaintiffs' complaint.

170.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 170 of plaintiffs' complaint.

171.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 171 of plaintiffs' complaint.

172.    Defendant acknowledges that Perry's requests for training were placed on hold, but denies the remaining allegations of paragraph 172 of plaintiffs' complaint.

173.    Defendant denies the allegations contained in paragraph 173 of plaintiffs' complaint.

174.    Defendant denies the allegations contained in paragraph 174 of plaintiffs' complaint.

175.    Defendant admits that plaintiff Perry was issued a letter of counseling and admonishment, but denies that it was bogus as alleged in paragraph 175 of plaintiffs' complaint.

176.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 176 of plaintiffs' complaint.

177.    Defendant admits that Director Vasquez declined to meet with plaintiff Perry, but denies information or knowledge sufficient to form a belief as to the truth of the remaining allegation of paragraph 177 of plaintiffs' complaint.

178.    Defendant denies the allegations contained in paragraph 178 of plaintiffs' complaint.

179.    Defendant denies the allegations contained in paragraph 179 of plaintiffs' complaint.

180.    Defendant denies the allegations contained in paragraph 180 of plaintiffs' complaint.

181.    Defendant admits that Director Vasquez declined to meet with plaintiff Perry, but denies knowledge or information sufficient to form a belief as to the truth of the remaining allegation contained in  paragraph 181 of plaintiffs' complaint.

182.    Defendant denies the allegations contained in paragraph 182 of plaintiffs' complaint.

183.    Defendant admits the allegations contained in paragraph 183 of plaintiffs' complaint.

184.    Defendant denies the allegations contained in paragraph 184 of plaintiffs' complaint.

185.    Defendant denies the allegations contained in paragraph 185 of plaintiffs' complaint.

186.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 186 of plaintiffs' complaint.

187.    Defendant denies the allegations contained in paragraph 187 of plaintiffs' complaint.

188.    Defendant admits that Peace Corps employee Shirley Everest advised plaintiff Perry that certain credit hours she claimed were not authorized and revised the time records accordingly, but denies the remaining allegations contained in paragraph 188 of plaintiffs' complaint.

189.    Defendant denies the allegations contained in paragraph 189 of plaintiffs' complaint.

190.    Defendant admits that Perry was instructed by her supervisor not to participate on a committee regarding a Women's History Month commemoration because of her workload, but denies the remaining allegations of paragraph 190 of plaintiffs' complaint.

191.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 191 of plaintiffs' complaint.

192.    Defendant denies the allegations contained in paragraph 192 of plaintiffs' complaint.

193.    The allegations of paragraph 193 of plaintiffs' complaint concern a document, which is a writing that speaks for itself.

194.    The allegations of paragraph 194 of plaintiffs' complaint concern an e-mail correspondence, which is a writing that speaks for itself.

195.    Defendant admits that Ms. Everest advised Perry that she could not participate in a

21

Maxi-flex work schedule, but denies the remaining allegations of paragraph 195 of plaintiffs' complaint.

196.    Defendant admits the allegations of paragraph 196 of plaintiffs' complaint.

197.    Defendant admits that Perry was denied a training opportunity, but denies the remaining allegations of paragraph 197 of plaintiffs' complaint.

198.    Defendant denies the allegations contained in paragraph 198 of plaintiffs' complaint.

199.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 199 of plaintiffs' complaint.

200.    Defendant denies the allegations contained in paragraph 200 of plaintiffs' complaint.

201.    Defendant denies the allegations contained in paragraph 201 of plaintiffs' complaint.

202.    Defendant denies the allegations contained in paragraph 202 of plaintiffs' complaint.

203.    The allegations of paragraph 203 of plaintiffs' complaint concern a document, which is a writing that speaks for itself.

204.    The allegations of paragraph 204 of plaintiffs' complaint concern a document, which is a writing that speaks for itself.

205.    The allegations of paragraph 205 of plaintiffs' complaint concern a document, which is a writing that speaks for itself.

206.    Defendant admits that it proposed Ms. Perry's termination in place of the proposed suspension, but denies the remaining allegations contained in paragraph 206 of plaintiffs' complaint.

207.    The allegations of paragraph 207 of plaintiffs' complaint concern a document, which is a writing that speaks for itself.

208.    Defendant admits the allegations contained in paragraph 208 of plaintiffs' complaint.

209.    Defendant denies the allegations contained in paragraph 209 of plaintiffs' complaint.

210.    Defendant denies that it placed any inappropriate language in plaintiff Perry's SF-50, but denies knowledge or information sufficient to form a belief as to the truth of the remaining allegation contained in  paragraph 210 of plaintiffs' complaint.

211.    Defendant admits that it initiated a proceeding with the Foreign Service Grievance Board to terminate plaintiff Perry's employment with the Peace Corps, but denies the remaining allegations contained in  paragraph 211 of plaintiffs' complaint.

212.    The allegations of paragraph 212 of plaintiffs' complaint concern a motion, which is a writing that speaks for itself.

213.    The allegations of paragraph 213 of plaintiffs' complaint concern a decision, which is a writing that speaks for itself.

214.    Defendant admits that on or about February 4, 2005, plaintiff Perry voluntarily resigned from the Peace Corps, but denies the remaining allegations contained in  paragraph 214 of plaintiffs' complaint.

STATEMENT OF CLAIMS

Count I

215.    Defendant incorporates by reference its responses to paragraphs 1 through 214 of plaintiff's complaint.

216.    The allegations of paragraph 216 of plaintiffs' complaint concern a statute, which is a writing that speaks for itself.

217.    Defendant denies the allegations contained in paragraph 217 of plaintiffs' complaint.

23

Count II

218.    Defendant incorporates by reference its responses to paragraphs 1 through 217 of plaintiff's complaint.

219.    Defendant denies the allegations contained in paragraph 219 of plaintiffs' complaint.

220.    Defendant denies the allegations contained in paragraph 220 of plaintiffs' complaint.

Count III

221.    Defendant incorporates by reference its responses to paragraphs 1 through 221 of plaintiff's complaint.

222.    Defendant admits that plaintiff Perry engaged in a variety of activities, but denies that any such activities were protected except for the filing of an EEO complaint.

223.    Defendant admits that Perry was not afforded a career ladder promotion, but denies the remaining allegations of paragraph 223 of plaintiffs' complaint.

224.    Defendant denies the allegations contained in paragraph 224 of plaintiffs' complaint.

225.    Defendant denies the allegations contained in paragraph 225 of plaintiffs' complaint.

Count IV

226.    Defendant has moved to dismiss this claim in Defendants' motion for partial dismissal of counts I and II of plaintiffs' complaint and full dismissal of count IV of plaintiffs' complaint and to sever claims of plaintiffs Lane and Perry and accordingly, defendant's response to this cause of action is contained in such motion.

227.    Defendant has moved to dismiss this claim in Defendants' motion for partial dismissal of counts I and II of plaintiffs' complaint and full dismissal of count IV of plaintiffs' complaint and to sever claims of plaintiffs Lane and Perry and accordingly, defendant's response

24

to this cause of action is contained in such motion.

The remainder of plaintiffs' complaint contains a request for relief and jury trial demand, to which no answer is required. To the extent that an answer is required, defendant denies that plaintiff is entitled to any relief, whatsoever.

FIRST AFFIRMATIVE DEFENSE

Counts I, II, III and IV of plaintiffs' complaint fail to state claims upon which relief may be granted.

SECOND AFFIRMATIVE DEFENSE

Counts I, II, II, and IV of plaintiffs' complaint should be dismissed on account of plaintiffs Lane and Perry's failure to exhaust administrative remedies by virtue of plaintiffs' failures to contact an EEO Counselor within 45 days of the alleged discrimination or retaliation.

THIRD AFFIRMATIVE DEFENSE

Counts I, II, II, and IV of plaintiffs' complaint should be dismissed on account of the applicable statute of limitations and doctrine of laches.

FOURTH AFFIRMATIVE DEFENSE

Count I, II, III and IV of plaintiffs' complaint should be dismissed on the ground that the allegations are barred by this Court's lacking of jurisdiction over such claims, the failure of plaintiff to first present these claims in a timely fashion to the Agency, and plaintiffs' failure to allege conduct of the requisite degree of outrageousness.

FIFTH AFFIRMATIVE DEFENSE

Count IV of plaintiffs' complaint should be dismissed on the ground that it seeks to challenge a proposed personnel action that may not properly be the basis of a discrimination or

25

retaliation complaint.

### SIXTH AFFIRMATIVE DEFENSE

Counts I and II should be severed from Counts III and IV of plaintiffs' complaint on the grounds that they are dissimilar claims improperly joined together and they do not arise out of the same transaction or occurrence and do not present any common issues of fact or law.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' demand for damages should be barred for failure to plead a sum certain and to the extent that such demand exceeds the limitations provided in 42 U.S.C. § 1981a.

WHEREFORE, defendant having submitted its answer to plaintiffs' complaint requests that the complaint be dismissed and that this Court award to defendant any and all relief that this Court may deem just, including the costs associated with defending this action.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, D.C. Bar # 451058
United States Attorney


_____
R. CRAIG LAWRENCE, D.C. Bar # 171538
Assistant United States Attorney


_____
RHONDA C. FIELDS
Assistant United States Attorney
555 4th Street, N.W.,
Washington, D.C. 20530
(202) 514-6970


OF COUNSEL:

H. DAVID KOTZ
U.S. Peace Corps

OF COUNSEL:

H. DAVID KOTZ
U.S. Peace Corps