UNITED STATES OF AMERICA
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
WASHINGTON FIELD OFFICE

_____
                                                          )
**RACHEL PERRY,**                               )
                                                          )
     **Complainant,**                        )
                                                          )
v.                                                       )
                                                          )    Agency Case No. PC-04-04
**UNITED STATES PEACE CORPS,**      )
                                                          )
     **Agency.**                                   )
_____  )

## AFFIDAVIT OF RACHEL PERRY

1. I am an EEO Specialist, FP-460 with the United States Peace Corps.

2. I reside at 5335 Duke Street, Alexandria, Virginia, 22304.

3. I believe that I am being retaliated against because I opposed discrimination and retaliation that I observed at the Peace Corps.

4. For instance, on December 22, 2003, I went to Catherine Pearson's office to discuss the Disabled Veterans Affirmative Action Plan.

5. While I was there, Catherine Pearson handed me a brochure that she said she had received from Gene Lane during a job interview, and asked me if I wanted it.

6. Pearson said there would have to be a meeting about Lane because "we're running out of reasons not to hire him."

7. I then changed the subject.

8. I was inviting to a meeting to discuss Gene Lane.

9. I then called the EEOC that same day and spoke with the attorney of the day.

10. She told me that any meeting whose purpose was to come up with nondiscriminatory reasons to justify not hiring someone would be unethical.

11. I declined to attend the meeting because I felt it would be unethical to meet with HR regarding a job applicant with a current EEO complaint.

12. Later, Pearson came into my office while waiting to meet with Shirley Everest.

13. She asked why I would not be attending the meeting.

14. I told her I had too much work.

15. Pearson said again that the Agency was running out of reasons to not hire Gene Lane, and needed to come up with some.

16. I questioned Pearson's statement that Lane would not be hired, asking why the Agency would not just hire him if he was the best qualified for a position.

17. On another occasion, Pearson has also stated that HR Director Janet Brown said that Gene Lane had filed an EEO complaint and was not to be hired.

18. When I brought these matters up to the Office of Special Counsel, I was referred to the EEOC, where two attorneys of the day sent me back to an EEO counselor at the Peace Corps. Both the EEO counselors and the EEOC attorneys of the day advised me that to have these matters addressed, I would have to file an EEO complaint, which I subsequently did.

19. After I initiated counseling, a five-day suspension was proposed against me. I then filed my complaint, and before the suspension could even be finally determined, my removal was proposed and approved by the Agency, and I was escorted out of the building by security.

I swear or affirm under penalty of perjury, that the foregoing affidavit is true and correct to the best of my knowledge.

_Rachel Perry_   12/13/2004
Date

3