UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RACHEL PERRY,<br><br>        Plaintiffs,<br>  v.<br><br>UNITED STATES PEACE CORPS,<br><br><br>        Defendant. | )<br>)<br>)<br>)<br>)    Civil Action No. 05-01414 (EGS)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

SETTLEMENT AGREEMENT AND DISMISSAL ORDER
GENERAL RELEASE AND COVENANT NOT TO SUE

1.    **Scope of Agreement**.  This Settlement Agreement, General Release, and Covenant Not to Sue ("Agreement"), covers all understandings between Rachel Perry ("Plaintiff"), and the United States Peace Corps ("Defendant"), relating to Plaintiff's employment.  When used herein the term "Defendant" also includes the United States of America, any or all current or former employees, agents and attorneys of Defendant.

2.    **Defendant Consideration**.  For and in consideration of the promises made by Plaintiff in Paragraph 3 of this Agreement:

    (a)    Defendant agrees to pay to Plaintiff the total lump sum of Four hundred four thousand dollars ($404,000).  Plaintiff shall be responsible for payment of all appropriate taxes on this amount.  Plaintiff shall be responsible for payment of her own attorneys' fees, costs and litigation expenses.

    (b)    Payment of the amount due plaintiff pursuant to Paragraph 2 (a) above shall be made by electronic funds transfer from the Treasury of the United States in the aggregate sum of $404,000.00 and be sent to the account of The Goldsmith Law Firm, LLC.  Payment shall be made as promptly as practicable consistent with the normal processing procedures followed by the U.S. Department of Justice and the U.S. Department of the Treasury.  Defendant's counsel shall promptly prepare and submit all required documentation to the Department of the Treasury for processing of this payment, and plaintiff and plaintiff's counsel shall co-operate with defendant's counsel to insure that such documentation is complete and accurate.

    (c)    Defendant agrees to retroactively promote plaintiff to the grade FS-3 step 1, effective

Page 1 of 4

the first day on which plaintiff was in a leave without pay status until the date of plaintiff's resignation from the agency, i.e. on or about May 2, 2004. Plaintiff understands that this paper promotion has zero dollar value, does not require the defendant to make any back-pay adjustments and will neither increase any contributions to her account nor increase any benefits to her in the future.

(d) Defendant agrees to revise plaintiff's SF-50 concerning her resignation to read "resigned" with no reason specified.

3    **Plaintiff Consideration.** For and in consideration of the promises made by Defendant in Paragraph 2 of this Agreement, Plaintiff agrees as follows:

(a) Plaintiff unconditionally releases, discharges, waives, and holds harmless Defendant from each and every claim, cause of action, right, liability, or demand of every kind and nature whether now known or unknown or asserted or unasserted, arising from, or relating to her employment by Defendant, from the beginning of time until the date of this Agreement, including any claim based on the facts alleged in and/or claims set forth in Civil Action 05-01414, *Rachel Perry v. United States Peace Corps.* This general release is a full and final bar and covenant not to sue with respect to the claims included in the previous sentence, including , but not limited to, the following:

(i) relating to any claims for punitive, compensatory, and/or retaliatory discharge damages; back and/or front pay claims and fringe benefits; or payment of any attorneys' fees for Plaintiff;

(ii) arising under any and all federal, state, and local laws, including the Civil Rights Act of 1866, 1871, 1964, and 1991, the Plaintiff Retirement Income Security Act of 1974, the Rehabilitation Act of 1973, the Fair Labor Standards Act, the Occupational Safety and Health Act, the Immigration Reform Control Act of 1986, the Americans with Disabilities Act, the Age Discrimination in Employment Act of 1967, the Older Workers ' Benefit Protection Act, the Family and Medical Leave Act of 1993, any workers' compensation claims, retaliation claims of any nature, or any other labor, employment, or anti-discrimination laws and comparable state laws;

(iii) based on any contract, tort, whistleblower, personal injury, invasion of privacy, infliction of emotional distress, defamation, libel, or wrongful discharge theory.

(c) Plaintiff specifically waives any and all claims to any alleged right under the Rehabilitation Act, Americans with Disabilities Act, Title VII or similar anti-discrimination provisions, to re-employment at the Peace Corps.

(d) The execution, filing and entry of this agreement and order by the Court shall constitute dismissal of the captioned case as to plaintiff Rachel Perry with prejudice, pursuant to

F.R.Civ. P. 41.

4. **Modification.** This Agreement contains the entire agreement of the parties hereto and there are no agreements, understandings or representations made by Defendant or Plaintiff, except as expressly stated herein. No cancellation, modification, amendment, deletion, addition or other changes in this Agreement or any provision hereof or any right herein provided shall be effective for any purpose unless specifically set forth in a subsequent written agreement signed by both Plaintiff and an authorized representative of Defendant.

5. **Severability and Waiver.** The parties agree that the covenants of this Agreement are severable and that if any single clause or clauses shall be found unenforceable, the entire Agreement shall not fail but shall be construed and enforced without any severed clauses in accordance with the terms of this Agreement. The parties also agree that any failure by any party to enforce any right or privilege under this Agreement shall not be deemed to constitute waiver of any rights and privileges contained herein. This Agreement is governed by the laws of the District of Columbia.

6. **Adequacy of Consideration.** The parties further acknowledge the adequacy of the additional consideration provided herein by each to the other, that this is a legally binding document, and that they intend to be bound by and faithful to its terms.

7. **Consultation with Counsel.** Plaintiff represents and warrants that in entering into and executing this Agreement, she has relied on her own investigation and on the investigation and advice of her own counsel, and that she has been given a reasonable period of time within which to consider the terms and conditions hereof.

8. This Agreement has been entered into by plaintiff and defendant solely for the purposes of compromising disputed claims without protracted legal proceedings and avoiding the risks and expenses of litigation. Therefore, this Agreement is not intended and shall not be deemed an admission by either party of the merit or lack of merit of the opposing party's claims and/or defenses. Without limiting the generality of the foregoing, this Agreement does not constitute, and shall not be construed as, an admission that the Peace Corps or the United States violated any of plaintiff's rights or any laws or regulations, or as an admission of any contested fact alleged by plaintiff in connection with this matter. This agreement is not precedential in nature.

9. This Agreement, and the existence of the agreement, may not be used for any purpose in any proceeding, except that it may be used in a proceeding to enforce the terms of this Agreement.

I hereby accept and agree to abide by this Agreement:

SIGNATURE: _Rachel Perry_      _9-12-2008_
                                          Date

Counsel for Plaintiff _____    9·12-08
                        Leizer Goldsmith                      Date

Counsel for Defendant

_/s/ Jeffrey A. Taylor_____
JEFFREY A. TAYLOR, D.C. Bar #498610
United States Attorney

_/s/ Rudolph Contreras_____
RUDOLPH CONTRERAS, D.C. Bar #434122
Assistant United States Attorney

_/s/ Rhonda C. Fields_____
RHONDA C. FIELDS
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.
Washington, D.C. 20530
202/514/6970

**So Ordered** on this____ day of_____, 2008.

_____
**UNITED STATES DISTRICT COURT JUDGE**